UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| IAN McVAY,<br><br>                    Plaintiff,<br><br>          v.<br><br>DXP ENTERPRISES, INC., and DOES<br>1–20,<br><br>                    Defendants. | Case No.: SACV 22-01821-CJC (DFMx)<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS [Dkt. 12] |

## I.     INTRODUCTION & BACKGROUND

Plaintiff Ian McVay brings several claims against his former employer, Defendant DXP Enterprises, Inc., related to his termination after he had requested leave to attend to his children as they suffered from serious respiratory illnesses.  (*See* Dkt. 10 [First Amended Complaint] ¶¶ 15–31; *id.* at 7–18.)  On November 11, 2022, DXP filed a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) several of McVay's claims—specifically, failure to provide reasonable accommodation and failure to engage in a timely, good faith, interactive process regarding an accommodation in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–96. (*See* Dkt. 12 [Defendant DXP Enterprises's, (sic) Inc. Notice of Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted]; Dkt. 12-5 [Defendant DXP Enterprises, Inc.'s Memorandum of Points and Authorities in Support of Its Motion to Dismiss Pursuant to FRCP Rule 12(b)(6), hereinafter "Mot."].)[1]  For the following reasons, the motion is **DENIED**.[2]

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claims.  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  Rule 12(b)(6) is read in conjunction with Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).  When evaluating a Rule 12(b)(6) motion, a district court must accept all material "allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party."  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  To survive a motion, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

---

[1] DXP also moves to dismiss McVay's claim for retaliation under the FEHA, arguing that it is predicated on the other two claims and is not viable for the same reasons. (*See* Mot. at 11.)
[2] Having read and considered the papers that the parties presented, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for December 19, 2022, at is hereby vacated and removed from the calendar.

*Twombly*, 550 U.S. 544, 570 (2007).  A complaint must contain "well-pleaded factual allegations," not just "legal conclusions," that "plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In keeping with this liberal pleading standard, a district court should grant a plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## III.   DISCUSSION

DXP argues that the FEHA does not require employers to provide accommodations to or engage in an interactive process with employees who, like McVay, are merely associated with others who have physical disabilities, thus warranting dismissal of these claims.  (*See* Mot. at 3.)  "In discerning California law," a federal court is "bound by the decisions of the California Supreme Court . . . .  If the California Supreme Court has not directly addressed the question," the federal court "must predict how it would decide the issue."  *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017).  The Court's best prediction on the viability of McVay's claims is this: the FEHA permits employees to bring accommodation and interactive-process claims based on a theory of associational disability.

To start, the only California decision directly addressing the issue, *Castro-Ramirez v. Dependable Highway Express, Inc.*, 200 Cal. Rptr. 3d 674 (Cal. Ct. App. 2016), *vacated upon reh'g*, 207 Cal. Rptr. 3d 120 (Cal. Ct. App.), suggested that the FEHA allows such claims.  *See* 200 Cal. Rptr. 3d at 683; 207 Cal. Rptr. 3d at 1038–39.  That decision deserves credence.  "In the absence of controlling authority by the California Supreme Court," a federal court "follow[s] decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise."  *Hill v. Walmart, Inc.*, 32 F.4th 811, 816 (9th Cir. 2022) (citation omitted).

Further, while unpublished decisions of California courts of appeal are not precedential, a federal court "may nonetheless rely on" them as "accurately represent[ing] California law." *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1108 n.2 (9th Cir. 2012) (citation omitted). Indeed, a federal court "may not summarily disregard" a California court's construction of a statute merely because it appears "in an unpublished opinion." *McSherry v. Block*, 880 F.2d 1049, 1052 n.2 (9th Cir. 1989). Nor should a federal court "ignore[ ]" "well-considered dicta." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). In the absence of other decisions on the issue, *Castro-Ramirez* is among the best indicia of the viability of accommodation and interactive-process claims based on associational disability.

On its merits, moreover, *Castro-Ramirez* correctly interpreted the FEHA. In interpreting the statute's causes of action, the analysis "begin[s], as always, with the language of the statute itself." *Rojo v. Kliger*, 801 P.2d 373, 377 (Cal. 1990) (in bank). It entails "giving the statutory language its plain and commonsense meaning" while "examin[ing] that language in the context of the entire statutory framework to discern its scope and purpose and to harmonize the various parts." *Kaanaana v. Barrett Bus. Servs., Inc.*, 483 P.3d 144, 149 (Cal. 2021). "If the language is clear in context, [the] work is at an end." *Nat'l Laws. Guild, S.F. Bay Area Chapter v. City of Hayward*, 464 P.3d 594, 601 (Cal. 2020). The FEHA provides that "'physical disability . . .' includes a perception . . . that the person is associated with a person who has, or is perceived to have, [that] characteristic[ ]." Cal. Gov't Code § 12926(o). In other words, as *Castro-Ramirez* noted, "[a]n association with a physically disabled person is itself a disability under FEHA." 200 Cal. Rptr. 3d at 684; *see also* 207 Cal. Rptr. 3d at 1038 ("[A]ssociation with a physically disabled person appears to be itself a disability."). Thus, when the FEHA "says employers must reasonably accommodate 'the known . . . disability of an applicant or employee'" and engage in an interactive process upon an applicant's or employee's request, "the disabilities that" the statute references "include the employee's association

with a physically disabled person."  200 Cal. Rptr. 3d at 684; *see also* 207 Cal. Rptr. at 1039 ("[S]ubdivision (m) may reasonably be interpreted to require accommodation based on the employee's association with a physically disabled person.").

DXP argues that that the statutory definition of "disability" to include associational disability does not apply to the accommodation and interactive-process causes of action. It states that the definition "only applies 'in connection with unlawful practices [under FEHA], *unless a different meaning clearly appears from the context*.'  In other words, 'physical disability' as defined in § 12926(o) only applies where the statute is unclear as to the context of 'physical disability.'"  (Mot. at 6 [alteration in original] [citation omitted].)  The latter sentence of this argument, however, flips the presumptive applicability of the statutory definition.  The definition does not apply only if the meaning of the term is unclear in context.  Rather, the definition by default applies unless context clearly requires otherwise.  *See* Cal. Gov't Code § 12926.  DXP does not explain how or why context unequivocally renders the definition inapplicable, and as described above, if anything, the definition fits neatly in the statutory language for the accommodation and interactive-process causes of action.

Next, DXP claims that decisions interpreting the Americans with Disabilities Act, 42 U.S.C. §§ 12101–13, to preclude an accommodation claim based on associational disability warrant interpreting the FEHA to bar accommodation and interactive-process claims on the same theory.  (*See* Mot. at 8–9.)  "Federal ADA cases are generally helpful in interpreting FEHA.  But not where they undermine provisions of California law that provide more protections to employees than the ADA."  *Wysinger v. Auto. Club of S. Cal.*, 69 Cal. Rptr. 3d 1, 10 (Cal. Ct. App. 2007).  And they are "not persuasive where the statutory language of the FEHA" is "materially different."  *Bagatti v. Dep't of Rehab.*, 118 Cal. Rptr. 2d 443, 455 (Cal. Ct. App. 2002); *see also Cripe v. City of San Jose*, 261 F.3d 877, 895 (9th Cir. 2001).  How the ADA and the FEHA incorporate associational

disability are just that sort of difference. The ADA integrates associational disability only by "defining *discrimination* based on association as one type of discrimination against a qualified individual on the basis of disability." *Castro-Ramirez*, 207 Cal. Rptr. 3d at 130 (cleaned up); *see also* 42 U.S.C. § 12112(b)(4). The FEHA, in contrast, does so through its definition of *disability*. *See* Cal. Gov't Code § 12926(o). This difference in language demands a difference in interpretation of the two statutes.

DXP then invokes *Harris v. Coverall North America, Inc.*, No. 19-cv-01795, 2020 U.S. Dist. LEXIS 173159 (C.D. Cal. Sept. 8, 2020), to support its narrower interpretation of the accommodation and interactive-process causes of action. (*See* Mot. at 6–7.) *Harris* did not concern an accommodation or interactive-process claim but rather a discrimination claim. *See id.* at *13. The court concluded that a failure to provide a scheduling accommodation to an employee to care for an ill relative could not "itself serve as evidence of discriminatory animus" for that claim. *Id.* at *14. The court did note, however, that "no published California case has determined whether employers have a duty under [the] FEHA to provide reasonable accommodations to an applicant or employee who is associated with a disabled person"—and it declined to read the statute to require as much. *Id.* at *13 (citation omitted). It reasoned that "as a federal court, the Court will not, in this instance, declare that the proper scope of a California statute must be extended beyond its existing interpretation in California case law." *Id.* at *14.

*Harris* is unconvincing. Interpreting the FEHA to permit an accommodation or an interactive-process claim based on associational disability would not "extend" any existing interpretation of the statute. No authoritative interpretation—one way or the other—exists on whether the accommodation and interactive-process causes of action encompass associational disability. The court in *Harris* apparently acknowledged as much. *See id.* at *13. And given *Castro-Ramirez*—the only other decision to touch on the issue—interpreting the FEHA to sanction such a theory can scarcely be deemed an

extension of an existing interpretation.  Federal courts sitting in diversity, moreover, need not decline altogether to decide an issue of state law squarely presented to them—even when they tread in uncharted legal terrain.  *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994).  "[A] policy by the federal courts never to advance beyond existing state court precedent would vest in defendants the power to bar the successful adjudication of plaintiffs' claims in cases with novel issues . . . ." *Paul v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, 819 F.2d 875, 879 (9th Cir. 1987).  The *Erie* doctrine does not "provide such a weapon to defendants."  *Id.*  In any event, the court in *Harris* stated that, "upon its own review," interpreting the FEHA "to require accommodation based on the employee's association with a physically disabled person" would have been "the best reading."  2020 U.S. Dist. LEXIS 173159, at *14 (citation omitted).  In short, *Harris* at worst is unpersuasive and at best supports accommodation and interactive-process claims based on associational disability.

Finally, DXP complains that sanctioning accommodation and interactive-process claims based on associational disability poses "pragmatic challenges" to employers that the California legislature could not possibly have intended, such as requiring "correspond[ence] with disabled [associates] —with whom the employer has no relationship or contact—and their health care providers."  (*Id.*)  But an employer is obligated to confer with the employee, not necessarily the third-party associate.  The employee, after all, is the one protected by the FEHA and deemed by the statute to have the disability.  Further, "the duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is aware of [the] disability and physical limitations.  The employee [generally] bears the burden of giving the employer notice . . . ." *Doe v. Dep't of Corr. & Rehab.*, 255 Cal. Rptr. 3d 910, 925 (Cal. Ct. App. 2019) (cleaned up).  "The employee also retains a duty to cooperate with the employer's effort by explaining his or her disability," *Brown v. L.A. Unified Sch. Dist.*, 275 Cal. Rptr. 3d 322, 333 (Cal. Ct. App. 2021), and must "make available to the [employer]

information that is available, or more accessible, to" the employee, *Kaur v. Foster Poultry Farms LLC*, 299 Cal. Rptr. 3d 433, 453 (Cal. Ct. App. 2022) (cleaned up). Regardless, "[b]ecause the FEHA is remedial legislation, . . . the court must construe the FEHA broadly." *Robinson v. Fair Emp. & Hous. Comm'n*, 825 P.2d 767, 776 (Cal. 1992) (in bank). This Court is the wrong forum in which to raise concerns about the supposed overprotectiveness of the FEHA.[3]

## IV.  CONCLUSION

For the foregoing reasons, the motion is **DENIED**.

DATED:      December 13, 2022

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] DXP's motion to dismiss McVay's claim for retaliation is likewise unwarranted. The FEHA prohibits an employer from "discharg[ing], expel[ling], or otherwise discriminat[ing] against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). It also prohibits "retaliat[ing] or otherwise discriminat[ing] against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." *Id.* § 12940(m)(2). The sole argument by DXP against McVay's retaliation claim is that DXP "cannot retaliate against an employee in violation of [the] FEHA for activities that FEHA does not protect." (Mot. at 11.) Because McVay's allegations amount to viable accommodation and interactive-process claims under the FEHA, this argument necessarily fails.